UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE LEE TAYLOR,

    Petitioner,

v.

THOMAS O. WINN, *Warden*,

    Respondent.

Case No. 2:18-cv-11711
Honorable Laurie J. Michelson

**OPINION AND ORDER
DENYING WITHOUT PREJUDICE MOTION FOR STAY [3], MOTION FOR
COUNSEL [4], AND MOTION FOR EVIDENTIARY HEARING [5]**

In 2001, Terrence Lee Taylor was convicted of, among other crimes, first-degree murder. He is currently serving a life sentence in a state prison. For numerous reasons, Taylor asks this federal court to grant him a writ of habeas corpus. Taylor also asks this Court to stay this case while he exhausts claims in state court (R. 3), to appoint him counsel (R. 4), and to remand for or hold an evidentiary hearing (R. 5).

Regarding his request for stay, Taylor says that two of his eight claims for the writ are not exhausted. One is that the jury that convicted him was not impartial (because, according to Taylor, it convicted him despite the prosecution's failure to prove that he was not acting in the heat of passion). (PageID.49.) The other claim (or, perhaps more precisely, set of claims) is that appellate counsel was constitutionally ineffective because he failed to raise five of the claims that Taylor has included in his habeas corpus petition. (PageID.49–50.) Taylor "prefers" the Court to address these unexhausted claims on their merits (effectively excusing the failure to exhaust). (PageID.50) Failing that, he asks this Court to stay this case so that he can present these claims to the state courts in a motion for relief from judgment. (PageID.50.)

When, as here, a petition for habeas corpus is "mixed" (i.e., it contains both exhausted claims and unexhausted claims) and dismissing the petition would likely result in the petitioner refiling an exhausted petition after AEDPA's one-year statute of limitations expires, a court may stay the case and hold the petition in abeyance. *See Rhines v. Weber*, 544 U.S. 269, 277 (2005). But a court should not stay the case if the unexhausted claims are "plainly meritless" or if the petitioner lacks "good cause" for failing to have exhausted before filing his petition. *See id.*

Although in *Rhines* the Supreme Court did not say that the "plainly meritless" test should take into account procedural hurdles that a petitioner would face in returning to state court, underlying the concept of exhaustion is that state—not federal—courts should address challenges to state court convictions and sentences in the first instance. *See Rhines*, 544 U.S. at 273–74. But if a state court's procedural rules make *clear* that the state court would not address the merits of the unexhausted claims, it would do little to forward comity and federalism principles to permit a petitioner to present those claims to the state courts. *Cf. Banks v. Jackson*, 149 F. App'x 414, 418 (6th Cir. 2005) ("Where a state procedural rule, if applicable, would cause a petitioner to default an otherwise unexhausted claim, the habeas court should find procedural default only if it is *clear* that the claims are now procedurally barred under state law." (internal alterations and quotation marks omitted)). So as part of the "plainly meritless" inquiry, it makes sense to ask whether there are any "clear" state procedural bars to exhausting.

Here, there is. In particular, Taylor has already filed one motion for relief from judgment. *See* (PageID.9); *People v. Taylor*, No. 01-076915 (Mich. 30th Cir. Ct. Nov. 10, 2016) (opinion and order denying motion for relief from judgment). And, with two limited exceptions, "one and only one motion for relief from judgment may be *filed* with regard to a conviction." Mich. Ct. R. 6.502(G)(1) (emphasis added). The exceptions: the second motion for relief from judgment is

"based on a retroactive change in law that occurred after the first motion for relief from judgment" or based on "a claim of new evidence that was not discovered before the first such motion." Mich. Ct. R. 6.502(G)(2). Based on the information before the Court, neither exception applies. Taylor's claim about an impartial jury is based on the prosecution's failure to prove he did not act in the heat of passion. Nothing suggests that the facts necessary to make this claim became known to Taylor after he filed his motion for relief from judgment in October 2016. To the contrary, Taylor made the argument in his motion for relief from judgment, albeit nested within a claim that the jury was not sworn. (*See* PageID.49.) As for Taylor's ineffective-assistance-of-appellate-counsel claims, he asserts that appellate counsel should have appealed on the following grounds: (1) the prosecution failed to prove he did not act in the heat of passion, (2) he was denied a fair trial because evidence that should have been excluded was admitted, (3) the jury was not impartial, (4) life imprisonment violates the Eighth Amendment, and (5) the cumulative effect of trial errors resulted in a fundamentally unfair trial. (*See* PageID.21.) Given the nature of these claims, it appears that none are based on "new evidence that was not discovered before" Taylor filed his October 2016 motion for relief from judgment. So it appears that Taylor would not be able to file a second motion for relief from judgment in state court based on these unexhausted claims. *See* Mich. Ct. R. 6.502(G)(2).

And regardless of whether Taylor could satisfy Michigan Court Rule 6.502(G)(2), he has not provided the Court with "good cause" for failing to exhaust his impartial-jury and ineffective-assistance-of-appellate-counsel claims. Taylor says that he was "inexperienced" and "untrained" in court proceedings, did not know how to file a "post-conviction appeal," and that he was not appointed counsel. (PageID.50.) But Taylor has, apparently without the assistance of counsel, filed these claims in his *pro se* habeas corpus petition. It is entirely unclear to this Court why Taylor

had the means to file the claims in his *pro se* petition but not in his *pro se* motion for relief from judgment. So the Court does not find that Taylor has shown "good cause" for failing to exhaust.

In sum, because it is unlikely that Taylor will be able to file a second motion for relief from judgment to exhaust his impartial-jury and ineffective-assistance-of-appellate-counsel claims, and because (aside from not thinking of the claims earlier) Taylor has provided no reason for not including these claims in his first motion for relief from judgment, the Court will deny—without prejudice—Taylor's motion for stay. If Taylor can provide additional reasons for failing to exhaust, he may renew his motion.

Taylor also asks this Court to appoint him counsel. But in seeking a petition for habeas corpus from federal courts, petitioners do not have a right to counsel. *Post v. Bradshaw*, 422 F.3d 419, 425 (6th Cir. 2005). Instead, the appointment of counsel is committed to this Court's discretion, *see Arms v. State of Tenn.*, 810 F.2d 199 (6th Cir. 1986), which is informed by the complexity of the issues and any evidence that the petitioner is able to adequately represent himself, *see Martin v. Fayram*, 849 F.3d 691, 699 (8th Cir. 2017).

The Court has reviewed Taylor's filings thus far and they reflect a basic grasp of the basic issues. (*See* R. 3–5.) And, at this point, the Court has not done an in-depth review of Taylor's claims. That will occur after the Warden files his response (in December 2018). At that point, if Taylor believes he requires counsel to file a reply to the Warden's response (or otherwise pursue this case), he may renew his request for counsel.

Finally, Taylor asks this Court to "remand" this case to the state courts for an evidentiary hearing.

That request will be denied. Taylor says he already requested an evidentiary hearing from the state court and the state court denied his request. So there is little reason to let Taylor ask again.

4

And apart from asking again, Taylor's request for "remand" would be a request for this Court to order the state court to conduct an evidentiary hearing. This Court is not aware of any legal authority that permits a federal court to order a state court to conduct an evidentiary hearing. (This might somehow be possible if the Court were to find one of Taylor's habeas corpus claims meritorious, but no such finding has been made.)

In making his request for remand for an evidentiary hearing, Taylor cites § 2254(e). So perhaps he wants this Court (rather than the state court) to conduct an evidentiary hearing.

If that is Taylor's request, it is premature. Section 2254(d) might apply to Taylor's claims and, if that is so, then this Court cannot hold an evidentiary hearing to expand the record (at least for those claims to which § 2254(d) applies). *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). And § 2254(e)(2) requires a petitioner to have sought an evidentiary hearing in state court before seeking one here. At this point, the Court has not made a determination about whether § 2254(d) applies or whether Taylor's request for a hearing in state court satisfies § 2254(e)(2). *See McFarland v. Yukins*, 356 F.3d 688, 712 (6th Cir. 2004). The Court will be in better position to make those determinations after the Warden responds. Accordingly, after the Warden files his response and Taylor files his reply (if any), the Court will notify Taylor if it believes a hearing is appropriate. Taylor may also renew his request for a hearing at any point after the response and reply briefs have been filed.

For the reasons stated, Taylor's motion to stay (R. 3), motion for counsel (R. 4), and motion for evidentiary hearing (R. 5) are DENIED WITHOUT PREJUDICE.

SO ORDERED.

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
Dated: June 25, 2018                U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

       The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 25, 2018.

                                                  s/Keisha Jackson
                                                  Case Manager