UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE LEE TAYLOR,

    Petitioner,

v.

THOMAS O. WINN,

    Respondent.

Case No. 18-11711
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING
PETITION FOR A WRIT OF HABEAS CORPUS [1]**

In 2001, Terrance Taylor was convicted of first-degree felony murder and other charges. He received a mandatory life sentence without the possibility of parole. Taylor was 18 when he committed the murder.

In 2018, Taylor filed a petition for a writ of habeas corpus. Some of his claims raise what he says are errors of constitutional significance from his 2001 trial. Other claims rely on evidence he first discovered in 2007. And still others rest on more recent Eighth Amendment caselaw. But because Taylor's conviction became final in 2004 and he did nothing to challenge that conviction until, at the earliest, 2015, Taylor's petition is time barred.

I.

When Terrance Taylor was 18, he broke into the home of Crystal Agueros, his ex-girlfriend. Crystal was at home, along with her new boyfriend, Edward Arreguin, and Crystal's sister, Sarah. Taylor stabbed all three. Crystal and Sarah survived, but Edward did not.

In time, Taylor was arrested, tried, and convicted. And because he was convicted of first-degree felony murder, among other things, Taylor received a mandatory life sentence without the

possibility of parole. *See* Mich. Comp. Laws § 750.316(1). Taylor appealed his sentence and conviction. In 2003, the state courts affirmed both. *See People v. Taylor*, No. 238559, 2003 WL 1919537 (Mich. Ct. App. Oct. 22, 2003); *lv. den*. 671 N.W.2d 52 (2003). Nearly 12 years later, Taylor moved for post-conviction relief in the state courts. And in 2018, Taylor petitioned for a writ of habeas corpus. (ECF No. 1.)

**II.**

The Antiterrorism and Effective Death Penalty Act governs petitions for writs of habeas corpus. 28 U.S.C. § 2254(d). AEDPA establishes a one-year limitations period. *See* 28 U.S.C. § 2244(d)(1). This period can start or restart at a few possible points in time. 28 U.S.C. 2244(d). The earliest the clock can start to tick is "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). However, the limitations period will restart on "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2244(d)(1)(C). Likewise, the limitations period resets on the date when "the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In any event, no matter when the limitations period starts to run, if it runs out, AEDPA bars relief unless the petitioner lays out a basis for equitable tolling and actual innocence. *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

**III.**

The parties spar over how and when Taylor's limitations period started to run.

The Warden says § 2244(d)(1)(A) applies to all of Taylor's claims. This means Taylor's clock started in early 2004—90 days after the Michigan Supreme Court denied leave to appeal

(which is the time for seeking review in the United States Supreme Court). That means Taylor had until early 2005 to timely petition for a writ of habeas corpus. But Taylor filed in 2018, and thus the Warden thinks the entirety of Taylor's petition is time barred.

Taylor takes a different view. He raises eight claims, and he says § 2244(d)(1)(A) only applies to six of them. While he agrees those six are untimely, he blames the tardiness on his appellate counsel. As for his petition's remaining two claims, Taylor says § 2244(d)(1)(C) restarted the limitations period on one, and § 2244(d)(1)(D) restarted the period on the other. So Taylor says at least two of his claims are timely, and invites the Court to look past the tardiness of the other six.

Taylor at least has the better of the argument on how to apply the statute of limitations. The claim-by-claim approach is proper. *See Pace v. DiGuglielmo*, 544 U.S. 408, 416 n.6 (2005); *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir. 2007); *Ege v. Yukins*, 485 F. 3d 364, 373–74 (6th Cir. 2007). Yet even applying a claim-by-claim approach, the entirety of Taylor's petition is still untimely.

Consider, first, the six claims Taylor agrees are untimely under § 2244(d)(1)(A). He says his tardiness is really his appellate counsel's fault. The Court reads this as a request to equitably toll the limitations period. But habeas corpus petitioners are not entitled to counsel. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987); *see also* § 2254(i). So blaming his tardiness on an attorney's errors is no basis for equitable tolling. *See Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) *Cf. Winkfield v. Bagley*, 66 F. App'x 578, 583–84 (6th Cir. 2003) (petitioner was not entitled to equitable tolling of limitations period for filing federal habeas corpus petition, even though he alleged that his counsel failed to pursue direct appeal of his conviction in state court, where petitioner offered no explanation for the almost ten-year delay between his last

communication with his attorney and the filing of his motion for leave to file delayed appeal in state court); *Winters v. Edwards*, 27 F. App'x 327, 329 (6th Cir. 2001) (denying equitable tolling based on petitioner's claim that attorney failed to file direct appeal and trial court failed timely to appoint counsel, where petitioner waited over five years after conviction to file state collateral proceeding). At bottom, Taylor concedes he is 13 years late raising six of his claims, and he does not establish a basis for an equitable tolling of his limitations period on those claims.

Next, Taylor says he has timely raised an Eighth Amendment claim. Taylor thinks recent Supreme Court precedent mandates he be resentenced. Back in 2012, the Supreme Court prohibited mandatory life sentences without possibility of parole for defendants who were under 18 years old when they committed their crimes. *See Miller v. Alabama*, 567 U.S. 460, 465 (2012). And in 2016 *Miller* was made retroactive to cases on collateral review. *See Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016). And in 2018, Taylor says the Sixth Circuit, in *In Re Lambert*, No. 18-1726, 2018 U.S. App. LEXIS 25332 (6th Cir. Sep. 5, 2018), extended *Miller* to include defendants like Taylor, who were 18 when they committed their crimes. (ECF No. 14, PageID.1365.) So Taylor says *Miller* and *Montgomery*, extended by *In Re Lambert*, satisfy the criteria outlined in § 2244(d)(1)(C) for restarting his limitations period.

*Miller* does not make timely Taylor's Eighth Amendment claim. Taylor was 18 when he committed his crimes. Yet *Miller* only applies to defendants who were under 18 at the time of the crime. *See Miller*, 567 U.S. at 465. And *In Re Lambert* does not change the analysis. There, the Sixth Circuit allowed a successive habeas petition and left it for the district court to first analyze whether *Miller* applied to 18-year-olds. Even if *In Re Lambert* means exactly what Taylor says it means, a circuit court case recognizing a new right is no help to a habeas corpus petitioner like Taylor. On habeas corpus review, only the Supreme Court can recognize a new right. *See Nichols*

*v. United States*, 285 F.3d 445, 447 (6th Cir. 2002). So § 2244(d)(1)(C) does not apply to Taylor's Eighth Amendment claim.

And even if § 2244(d)(1)(C) did apply, Taylor's Eighth Amendment claim is still untimely. For one, in *Dodd v. United States*, the Supreme Court held that the portion of § 2255's limitations period functionally identical to § 2244(d)(1)(C) starts as soon as the right is recognized, even if the right is not made retroactive until later. *See* 545 U.S. 353, 357 (2005); *see also Johnson v. Robert*, 431 F.3d 992, 992–93 (7th Cir. 2005). That means even if *Miller* applied to Taylor, Taylor's clock started running in 2012, when *Miller* came down. Taylor's limitations period expired long before he filed his petition. Plus, even if Taylor's read of § 2244(d)(1)(C) carries the day, Taylor's interpretation does not move the bottom line. *Montgomery* made *Miller* retroactive on January 25, 2016; Taylor petitioned on May 31, 2018. So even on Taylor's understanding of § 2244(d)(1)(C), his Eighth Amendment claim is untimely.

Lastly, Taylor seeks a new trial based on newly discovered impeachment evidence. But because Taylor did not learn of the new impeachment evidence until November 2014, Taylor thinks his limitations period restarted at that time. (ECF 14, Page ID.1369-70).

True, § 2244(d)(1)(D), allows the limitations period to restart on the date upon which the factual predicate for a claim could have been discovered through Taylor's due diligence. *See Ali v. Tennessee Board of Pardon and Paroles*, 431 F. 3d 896, 898 (6th Cir. 2005). And to be sure, the provision does not mean the limitations period restarts when the factual predicate was actually discovered by Taylor. *See Redmond v. Jackson*, 295 F. Supp 2d 767, 771 (E.D. Mich. 2003). Even so, assuming 2014 is the right place to restart the one-year limitations period, Taylor's 2018 habeas corpus claim is still late. And recall that Taylor's state post-conviction motions, seeking a new

trial, were all filed well past the limitations period, so none tolled this claim under § 2244(d)(2).[1] *See Vroman v. Brigano*, 346 F. 3d 598, 603 (6th Cir. 2003). Thus, Taylor failed to file his petition or his state post-conviction motions within the one-year limitations period set forth in § 2244(d)(1)(D).

Finally, neither equitable tolling nor actual innocence apply. As explained above, Taylor's only attempt at equitable tolling falls short. And Taylor's petition falls outside of the actual innocence tolling exception for two reasons. One, he presented no new, reliable evidence to establish that he was actually innocent of the crime charged. *See Ross v. Berghuis,* 417 F. 3d 552, 556 (6th Cir. 2005). Indeed, Taylor does not deny stabbing the murder victim. Two, Taylor says his murder charge should have been reduced to voluntary manslaughter. And the actual innocence "gateway" is not open to a habeas corpus petitioner who admits his crime but believes he should have been convicted of something less than first-degree murder. *See Rozzelle v. Sec'y, Fla. Dep't of Corr.*, 672 F.3d 1000, 1015 (11th Cir. 2012).

In the end, Taylor filed his habeas corpus petition nearly 13 years after the expiration of his limitations period. All of his claims are untimely. As a result, the Court DENIES Taylor's petition for a writ of habeas corpus. (ECF No. 1.) And because reasonable jurists would not debate whether the Court was correct in determining that petitioner had filed his habeas petition outside of the one-year limitations period, the Court declines to issue a certificate of appealability. *See*

---

[1] Even giving Taylor every benefit of the doubt, his claim would be untimely. Taylor learned of the alleged perjury on November 17, 2014. He filed his state-court motion for a new trial on November 12, 2015, some three hundred and sixty days after discovering the perjury. Eventually, the Michigan Supreme Court denied Taylor's appeal on April 3, 2018. In short, Taylor had until April 8, 2018, to timely file his petition. But Taylor's petition was not filed until May 29, 2018 and is thus untimely even if 28 U.S.C. 2244(d)(2) applied.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if petitioner chooses to appeal the Court's decision, he may proceed *in forma pauperis*. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

                                                        s/Laurie J. Michelson
                                                        LAURIE J. MICHELSON
                                                        UNITED STATES DISTRICT JUDGE

Date: June 13, 2019

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, June 13, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                                        s/William Barkholz
                                                        Case Manager