UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRENCE LEE TAYLOR,

    Petitioner,

v.

THOMAS O. WINN,

    Respondent.

Case No. 18-11711
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING MOTION FOR RECONSIDERATION [17]**

This Court denied Terrence Lee Taylor's petition for a writ of habeas corpus in an opinion and order dated June 13, 2019. (ECF No. 15.) Soon after, Taylor moved for reconsideration. (ECF No. 17.) For the reasons that follow, his motion is DENIED.

In Taylor's original petition, he raised multiple constitutional issues. "But," this Court held, "because Taylor's conviction became final in 2004 and he did nothing to challenge that conviction until, at the earliest, 2015, Taylor's petition is time barred." (ECF No. 15, PageID.1376.) Taylor's motion for reconsideration argues that this Court erred in failing to equitably toll the statute of limitations based on appellate counsel's ineffectiveness, applied the wrong standard of review to petitioner's Eighth Amendment claim, and erred in failing to apply 28 U.S.C. § 2244(d)(1)(B) to find that the confiscation of his trial transcripts impeded his ability to timely file his petition or his post-conviction motion. (ECF No. 17.)

The Court will not grant a motion for reconsideration "that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(h)(3). In order to prevail, Taylor must show the existence of a palpable defect that misled the parties and the Court and the correction of such defect would result in a different disposition of

1

the case. *Id.* A defect is palpable if it is "obvious, clear, unmistakable, manifest or plain." *Carhartt, Inc. v. Innovative Textiles, Inc.*, 356 F. Supp. 3d 657, 661 (E.D. Mich. 2018).

In its prior opinion, this Court considered the three issues raised by Taylor here and concluded that Taylor was not entitled to relief. First, the Court noted, "Taylor concedes he is 13 years late raising six of his claims, and he does not establish a basis for an equitable tolling of his limitations period on those claims." (ECF No. 15, PageID.1379.) More specifically, the Court found that because "habeas corpus petitioners are not entitled to counsel," Taylor "blaming his tardiness on an attorney's errors is no basis for equitable tolling." (ECF No. 15, PageID.1378.) Second, the Court determined that the Eighth Amendment claim was untimely because no exception to the statute of limitations applied. (ECF No. 15, PageID.1379–1380.) And the Court further found that even if *Miller v. Alabama*, 567 U.S. 460, 465 (2012), or *Montgomery v. Louisiana*, 136 S. Ct. 718, 732 (2016), applied to Taylor's case, his 2018 petition was still untimely. (*Id.*) Finally, the Could ruled that Taylor failed to file his petition and state post-conviction motions within one year of discovering the impeachment evidence—and that neither equitable tolling nor actual innocence applied. (ECF No. 15, PageID.1381.)

Because Taylor does not present any palpable defects in the Court's earlier rulings, his motion for reconsideration is DENIED.

SO ORDERED.

                                                         s/Laurie J. Michelson
                                                         LAURIE J. MICHELSON
Dated: March 6, 2020                                 U.S. DISTRICT JUDGE

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2020

s/Karri Sandusky on behalf of
Erica Karhoff, Case Manager